United States District Court
Southern District of Texas

**ENTERED**

June 30, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOHAN DANIEL MENDEZ OROZCO, | § § | CIVIL ACTION NUMBER 4:26-cv-04699 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BRET BRADFORD, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Johan Daniel Mendez Orozco filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 13, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but states that he was released upon presenting himself to immigration authorities and was later granted Temporary Protected Status by virtue of his citizenship in Venezuela. Id at ¶¶44–46. He asserts that his recent re-detention violates (i) procedural due process, (ii) substantive due process, and (iii) the *Accardi* doctrine. See id at ¶¶58–103. He further requests a stay of his removal proceedings. Id at ¶¶104–08.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 6 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 7. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1–

2. It further contends that each of Petitioner's claims fail on the merits. Id at 5–10.

Petitioner on reply restates arguments in support of his claims while also arguing that prior decisions by the undersigned are distinguishable from this action. Dkt 8 at 10–30. He further contends that the Government is not entitled to summary judgment. Id at 31–33.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08. As indicated in the notices to appear submitted with the petition, Petitioner is "an alien present in the United States without being admitted or paroled." Dkt 1-2 at 13, 15. He is thus subject to detention under §1225(b)(2)(A), in accord with *Buenrostro-Mendez*.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that claims under the *Accardi* doctrine as to lawfulness of arrest fail because

an illegal arrest has no bearing on the legality of detention following arrest.

o *Ruz Fuente v Noem*, 2026 WL 1270531 (SD Tex): Holding that prior temporary protected status did not constitute "admission" under the INA, and that order in *National TPS Alliance v Noem*, 2025 WL 3539156 (ND Cal), purporting to declare termination of that status for Venezuelan nationals unlawful violated stay by the Supreme Court and otherwise had no preclusive effect.

Petitioner contends that none of the cited decisions concerned a petitioner who had previously been released into the United States. See Dkt 8 at 15–18. But his prior release in no way changes the clear application of §1225(b)(2)(A) to him at present. See *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex) (holding that prior release on supervision under §1226(a) doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination). Nor does such release alter determination that his due process and *Accardi* doctrine challenges to detention under §1225(b)(2)(A) fail on the merits for the same reasons stated in the above decisions.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 7.

The petition for writ of *habeas corpus* by Petitioner Johan Daniel Mendez Orozco is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on June 30, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge